GUS BLASS COMPANY v. MAY.

4-3613

Opinion delivered November 26, 1934.

*John Sherrill* and *Osro Cobb,* for appellant.

*Fred A. Isgrig* and *Harry Robinson,* for appellee.

McHANEY, J. Appellee, for himself and as administrator of the estate of Babbette May, deceased, who was his wife, brought this action against appellant to recover damages for personal injuries received by her on January 22, 1932, when she fell on the steps or while descending the steps leading from one part of the basement of appellant's store in Little Rock to another part of the basement thereof. Mrs. May received severe and permanent injuries to her right leg, there being an oblique fracture of the right femur. She died on April 6, 1932, from this and other contributing causes.

A trial of the cause resulted in a verdict and judgment against appellant.

Several errors are assigned for a reversal of the judgment against it by appellant, but we consider it necessary to discuss only one of them which of itself calls for a reversal of the judgment. The condition of the nosing board at the head of the steps, whether in good or bad condition, was sharply at issue. During the course of the trial, appellant's counsel requested the court to order the jury to go to the scene of the accident and view

the condition of the stairway. This was not done. At the conclusion of all of the evidence, appellant's counsel renewed his request to have the jury go look at the steps. The court inquired of the jury, whether it wanted to look at the steps. Whereupon juror W. C. Edwards said: "I went down and looked at them at noon."

"Mr. Cobb (counsel for appellant): Note our objections."

As the court reporter wrote it up, the court overruled the objection, and Mr. Cobb saved his exceptions, but the court struck from the bill of exceptions as prepared by the stenographer, the fact that the objection was overruled, and exceptions saved. Thereupon other members of the jury spoke up and said: "We will take his word for it," referring to juror Edwards. "Mr. Cobb: Defendant requests that the entire jury go look at the steps, one member of the jury having already done so." The court announced that he would not require the jury to go. Whereupon Mr. Cobb objected, his objection was overruled, and he saved his exceptions.

We are of the opinion that this constituted error. Under Crawford & Moses' Digest, § 1293, it is provided: "Whenever, in the opinion of the court, it is proper for the jury to have a view * * * of the place in which any material fact occurred, it may order them to be conducted in a body under the charge of an officer to the place, which shall be shown to them by some person appointed by the court for that purpose. While the jury are thus absent, no person other than the person so appointed shall speak to them on any subject connected with the trial."

Under this statute it would have been proper for the court to have ordered the jury to view the scene of the accident, if he thought it advisable, but only in accordance with the terms of the statute, that is, to be conducted in a body, under the charge of an officer and to be shown the place where the accident occurred and the alleged defective steps by some person appointed by the court, but it was highly improper for one juror to do so, unless by the consent of both parties. The reason is, as happened in this case, that such juror, when the jury

has retired to consider of its verdict, may become a witness in the case for one of the parties and give his testimony to the jury as to what he found, without being sworn as a witness and without being subject to cross-examination. For obvious reasons, this would not be proper. But appellee says that, even though this was error, no proper exceptions were saved to the action of the court. We cannot agree with appellee in this regard. The above statement from the record shows that counsel for appellant did object when juror Edwards announced that he had been down at noon and looked at the steps. According to the corrected bill of exceptions, the court did not rule upon the objection and the exceptions were not saved. But we are of the opinion that, when counsel for appellant made the request that the entire jury be ordered to go to look at the steps, since one member of the jury had already done so, which the court declined to do over appellant's objection and exceptions, this amounted to an exception to one member of the jury viewing the steps in the absence of the others.

The other errors urged for our consideration may not arise on a retrial of the case, and we therefore refrain from a discussion of them.

For the error indicated, the judgment is reversed, and the cause remanded for a new trial.